S. LANE TUCKER
United States Attorney

AINSLEY MCNERNEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Ainsley.McNerney1@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 3:23-cr-00044-JMK-KFR |
|---|---|
| Plaintiff, | |
| vs. | |
| ADAM DAVID SEYMOUR, | |
| Defendant. | |

## SENTENCING MEMORANDUM

The United States recommends imposition of the following sentence:

**INCARCERATION** ........................................................................................ **12 MONTHS**
**SUPERVISED RELEASE** ............................................................................. **1 YEAR**
**SPECIAL ASSESSMENT** ............................................................................. **$100**
**RESTITUTION** ............................................................................................. **N/A**
**FINE** ............................................................................................................. **N/A**

**FACTS**

On April 5, 2023, the defendant, Adam David Seymour, was a passenger aboard Alaska Airlines Flight 49 from Seattle, Washington to Anchorage, Alaska. The defendant

brought three travel-sized toiletry bottles full of liquor with him, which he consumed shortly after boarding. After takeoff, the defendant ordered and consumed additional alcohol from the inflight beverage service.

After the first inflight beverage service, the defendant directed his attention to the female passenger seated in the middle seat of his row. He moved physically closer to the female passenger and began touching her iPad. The defendant then rubbed the female passenger's lower thigh and knee without her consent and tried to rest his head on her shoulder. The defendant asked the female passenger intrusive personal questions, made unsolicited advances at her, and when she rebuffed him, commented on her sexuality. The defendant eventually tapped the female passenger several times in the groin region over a blanket she had on her lap.

In addition to the defendant's sexually charged conduct, he also told the female passenger the plane was going to crash and that everyone was going to die, and later lit a cigarette. After several unsuccessful attempts to get flight attendants' attention, the female passenger passed her cell phone containing a note requesting assistance to the passengers seated in the row in front of her. Those passengers were off-duty police officers, who alerted flight attendants. The female passenger moved to a different seat and a male passenger took her place. The defendant proceeded to harass the male passenger, elbowed him, and tried to rest his head on the male passenger's shoulder. When a third passenger told the defendant to behave himself, the defendant threatened to kill that passenger.

Flight attendants halted their duties to remove the defendant from his seat. Flight attendants restrained the defendant with flex handcuffs and moved him to the jump seat.

U.S. v. Seymour
3:23-cr-00044-JMK-KFR            Page 2 of 6
Case 3:23-cr-00044-JMK-KFR   Document 53   Filed 12/21/23   Page 2 of 6

When the defendant broke out of the flex handcuffs, flight attendants again halted their duties and with the help of the off-duty police officers, restrained the defendant once again. For the safety of those on board the flight, the off-duty police officers remained with the defendant at the jump seat with a flight attendant for the remainder of the flight.

**GUIDELINES CALCULATION**

The United States agrees with the USPO's guideline range calculation of a total offense level 15, Criminal History Category I, and a guideline range of 18–24 months.

**STATUTORY CRITERIA AND RECOMMENDED SENTENCE**

**1. Nature and circumstances of the offense**

The defendant disrupted a flight to the point of being removed from his seat and monitored by law enforcement at the front of the plane. He assaulted and threatened several passengers, placing passengers and crew in fear for their safety. Flight crew attention was diverted to contain the situation. One duty of flight crew is to maintain aircraft safety. When their attention is diverted because of a passenger, they are not able to remain vigilant in addressing other safety concerns that may arise on a flight.

**2. History and characteristics of the defendant**

The defendant has an alcohol abuse problem that appears to be the basis for a majority of his criminal history. All but one of his criminal convictions are alcohol-related offenses. The defendant tested positive twice for alcohol in his second month on pretrial release. Since that time, the defendant completed outpatient therapy and has not violated his pretrial release conditions. The defendant maintained stable housing and steady employment during the pendency of this case.

U.S. v. Seymour
3:23-cr-00044-JMK-KFR            Page 3 of 6
Case 3:23-cr-00044-JMK-KFR   Document 53   Filed 12/21/23   Page 3 of 6

### 3. The seriousness of the offense and just punishment

It cannot be disputed that this is a serious offense and merits imposition of a term of incarceration. Air travel is a necessary form of travel for individuals, particularly residents of Alaska. Alaskans often have no alternative to aircraft travel to get to their homes, seek medical treatment, or other resources. It stands to reason that passengers aboard an aircraft should be able to engage in travel free from harassment and assault from other passengers.

Here, the defendant assaulted and threatened passengers and significantly disrupted an aircraft midflight. His erratic behavior and threats placed passengers and crew in fear for their safety and diverted crew attention away from their duties. A term of incarceration of 12 months is necessary to address the seriousness of the offense.

### 4. Adequate deterrence

The prevalence of air travel and the risk posed by those who disrupt such travel warrants a sentence of incarceration. According to the Federal Aviation Administration (FAA), the Air Traffic Organization "provides service to more than 45,000 flights and 2.9 million airline passengers across more than 29 million square miles of airspace" per day.[1] According to the FAA "[i]ncidents where airline passengers have disrupted flights with threatening or violent behavior are an ongoing problem."[2] In 2023, the FAA received nearly 2,000 reports of unruly passengers, which marks a decline since record highs in 2021, but an overall increase over the last decade.[3]

---

[1] Traffic by the Numbers, Fed. Aviation Admin., https://www.faa.gov/air_traffic/by_the_numbers (last updated April 10, 2023).
[2] Unruly Passenger Statistics, Fed. Aviation Admin., https://www.faa.gov/unruly (last updated December 17, 2023).
[3] *Id*.

U.S. v. Seymour
3:23-cr-00044-JMK-KFR                Page 4 of 6
Case 3:23-cr-00044-JMK-KFR   Document 53   Filed 12/21/23   Page 4 of 6

A sentence of incarceration is important to serve the goal of deterring the defendant from committing future similar conduct aboard an aircraft. A sentence of incarceration is equally important to reflect the seriousness of these types of crimes and signal to the nearly 2.9 million people who travel daily that violence aboard an aircraft will not be tolerated. In this case, a sentence of incarceration for a period of 12 months followed by one year of supervised release is sufficient but not greater than necessary to address both specific and general deterrence.

## 5. Protection of the public from further crimes

A sentence of 12 months is sufficient but not greater than necessary to protect the public from future crimes by this defendant.

## 6. Avoidance of unwarranted disparities

Here, the defendant assaulted several passengers and told passengers the plane was going to crash, and everyone was going to die. He also lit a cigarette and began smoking it. He then broke loose from his flex cuffs and attempted to get out of the jump seat. Law enforcement remained with him for the remainder of the flight and flight attendants were unable to perform their duties. This conduct is sufficiently serious to warrant a sentence of incarceration. A sentence of 12 months incarceration does not result in a disparity where the average sentence for similarly situated defendants is 15 months.

## 7. Sentencing recommendation

A sentence of incarceration is appropriate to address the sentencing factors at 18 U.S.C. 3552(a). The United States recommends a sentence of incarceration for a period of 12 months, followed by one year of supervised release.

U.S. v. Seymour
3:23-cr-00044-JMK-KFR       Page 5 of 6
Case 3:23-cr-00044-JMK-KFR   Document 53   Filed 12/21/23   Page 5 of 6

## 8. Restitution

The United States has not identified any restitution at this time. The United States will notify the Court should it receive restitution information.

## CONCLUSION

Based on the factors outlined in 18 U.S.C. § 3553(a), a below guideline sentence is sufficient but not greater than necessary. The Government respectfully requests a sentence of 12 months followed by 1 year of supervised release.

RESPECTFULLY SUBMITTED December 21, 2023 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s *Ainsley McNerney*
AINSLEY MCNERNEY
Assistant United States Attorney
United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2023 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s *Ainsley McNerney*

U.S. v. Seymour
3:23-cr-00044-JMK-KFR      Page 6 of 6
Case 3:23-cr-00044-JMK-KFR   Document 53   Filed 12/21/23   Page 6 of 6